July Term, 1883, No. 177.                     February 27, 1884.

# Wade *v.* Fahrig.

1. Evidence that a certain sum of wages due to plaintiff from a corporation employing him was deducted from his pay, and that a receipt for the amount, purporting to be from the defendant, a tax-collector in the county of Lackawanna, to the plaintiff for county tax, was left with the corporation and delivered to him by its paymaster, is no evidence upon which to support an action of trespass.

2. Where a judge instructs a jury that, upon the whole evidence, their verdict ought to be for the defendant, he should not permit a verdict to be given for the plaintiff.

Before Mercur, C. J.; Gordon, Paxson, Trunkey, Sterrett, Green, and Clark, JJ.

[Wade *v.* Fahrig.]

Error to the Court of Common Pleas of *Lackawanna County.*

Trespass by F. E. Fahrig against D. H. Wade.

On the trial, before HANDLEY, P. J., the following facts appeared:

The borough of Hyde Park, under the authority conferred by acts of Assembly of March 25, 1864, (P. L., pp. 84,85,) had issued bonds to pay bounties to volunteers. To obtain funds for the payment of these bonds, a tax was levied in 1873, but collection was restrained by injunction until 1878, when the injunction was dissolved, and the defendant, Wade, who had been duly appointed tax-collector, demanded the tax from the persons against whom it had been assessed. Fahrig, the plaintiff, refused to pay his tax. He was employed by the Delaware, Lackawanna and Western Railroad Company, to the officers of which the collector, Wade, gave written notice of the tax, as provided by act of Assembly of April 17, 1866, (P. L., p. 966.) The warrant under which the collector acted was dated November 17, 1878.

The plaintiff testified that the company deducted $30 10 from his wages and gave him the following receipt:

"$29 50                    HYDE PARK, *Sept. 26, 1879.*
    60
───────        Received of Frank Fahrig, twenty-nine dollars
$30 10    and fifty cents for Bounty Tax.   Duplicate of
          1873, 14th ward.                  per cent.
                                           Collector.
Oc. Machinist.                    D. H. WADE."

The defendant testified that the tax levied was $29 50, and that, finding the warrant had expired, he never got any money from the company.

The defendant presented, *inter alia*, the following points:

*First.* Under all the evidence in this case, the defendant is not guilty of trespass, and the verdict of the jury must be for the defendant.

*Answer.* If this defendant kept strictly within the meaning of the law, if he simply did nothing more than what the evidence in this case now discloses to you, then he is not guilty of trespass, and hence we affirm this point.

Verdict for the plaintiff, $35 75, and judgment thereon; whereupon defendant took this writ, assigning for error (1) the answer of the Court to defendant's point quoted above, and (2) the omission to direct a verdict for defendant

[Wade *v.* Fahrig.]

*S. B. Price* and *N. J. Wilson* for plaintiff in error.

Where there is an abuse of legal process regular upon its face, case, not trespass, is the proper remedy: Barnett *v.* Reed, 51 Pa. St., 190.

*C. Smith* for defendant in error.

The act in this case is the taking of the wages of the plaintiff below, which was done in obedience to the command of the defendant below, and he who commands a trespass is a trespasser: 93 Pa., 234.

Barnett *v.* Reed, 51 Pa., 190, does not seem to have the slightest application to the case in hand. The case cited simply decides that a sheriff or other ministerial officer will be protected in the execution of legal process regular on its face.

March 31, 1884, the opinion of the Court was delivered by GREEN, J.:

It seems incredible that such a case as this could pass the ordeal of a court of justice. The action was trespass brought against a tax-collector. The paper-book does not inform us what kind of trespass it was, and the evidence leaves the subject equally uncertain. The only witness examined for the plaintiff was the plaintiff himself. He did not testify to a solitary act of trespass of any kind whatever, either to his person, his lands, or his goods. The only subject of proof to be found in his testimony is that a certain sum of wages due him from the Delaware, Lackawanna and Western Railroad Company, amounting to $30 10, was deducted from his pay, and that a certain receipt, purporting to be from the defendant to the plaintiff for bounty tax for the amount stated, was left with the company, and was delivered by the paymaster of the company to the plaintiff. Not a particle of testimony was given that the defendant ever received a penny of this money. On the plaintiff's own showing, therefore, there was no evidence of any trespass of any kind by the defendant, nor of the receipt of any money by him belonging to the plaintiff.

The plaintiff, having testified, closed his case. Thereupon, the defendant's counsel asked for a compulsory non-suit, which was refused, for what reason was not stated, and we cannot understand. There was no cause of action whatever against the defendant disclosed by the plaintiff's testimony, and the non-suit should have been ordered as a matter of course. As this was not done, the defendant testified and proved that in November, 1873,

[Wade *v.* Wright.]

about six years before this suit was brought, he had a tax duplicate and warrant for the collection of some bounty tax in which the plaintiff's name appeared as assessed for $29 50 tax.   He does not state that he ever did anything with his warrant, he does not even say that he ever delivered any tax receipt to the railroad company, though it might, perhaps, be inferred that he did. . He did say, however, that he never received any money on any tax receipts, and that, having learned that the warrant and duplicate had expired, he paid no further attention to it. It does not appear that the defendant ever notified the railroad company to deduct the tax receipts he left with them from the wages of the men. · But if he had done so and had received the money, there could have been no recovery against him in an action of trespass.   At the close of the testimony, the defendant's counsel proposed certain points to the court, the first of which was that under all the evidence the verdict should be for the defendant.   This the Court answered by saying: "If this defendant kept strictly within the meaning of the law, if he simply did nothing more than what the evidence is this case discloses to you, then he is not guilty of trespass, and hence we affirm this point."   Of course, this was a ruling on the whole of the testimony, and an absolute affirmance of the point.   But notwithstanding this, the judge allowed the jury to go out and bring in a verdict for the plaintiff.   Of course, this could not be.   When the point was affirmed, it was the necessary duty of the court to take a verdict from the jury in favor of the defendant, and not permit them to retire.   To allow a verdict for the plaintiff after such a direction, was simply bringing the Court and the administration of justice into contempt.  It is useless to discuss the question of trespass.   There is not a particle of evidence in the case from beginning to end which would justify a verdict for the plaintiff in an action of trespass.

Judgment reversed.